UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN THE MATTER OF:

Tracy Lynn Carone,

Case No.: 09-33635
JUDGE OPPERMAN
Chapter 13

_____

**CHAPTER 13 PLAN**
( X ) Original OR          ( ) Amendment # _____
                                                 ( ) pre-confirmation
                                                 ( ) post-confirmation

**I. GENERAL PROVISIONS**
      This is the Debtor's(s") latest Chapter 13 Plan. The following Classes of claims are established for payment from funds available by the Trustee except those identified as "direct payments" as indicated herein.

**1.**     **PLAN PAYMENTS & DISBURSEMENTS:**

    A. Debtor's commitment period shall be no less than 36 months.

    B. The debtor shall make payments in the amount of **$215.03 per week** for 36months.

    C. **PLAN LENGTH AND EFFECTIVE DATE:** This Plan shall continue for _**36**_ months commencing on the date of entry of the Order Confirming Plan, which shall also be the effective date of the Plan, or until unsecured creditors whose claims are duly filed and allowed are paid **8.39%** of their claims, whichever event shall occur last.

    D. The Debtor commits 0% of all future tax refunds as they are pro-rated in Schedule I and necessary for monthly expenses.

II.     **TREATMENT OF CLAIMS:** The following classes of claims are established for payment from available Funds by the Trustee, except those identified as "direct payments" as indicated in this Plan.

    1. **CLASS ONE - ADMINISTRATIVE EXPENSES:**

        A.     Trustee Fees (as determined by statute)

        B.     Adequate Protection payments: Debtor shall make the following adequate protection payments directly to the Trustee as set forth in 11.N. Payment of adequate protection will be made by the Chapter 13 Trustee at earlier of either the time of the first disbursement following the date originally set for confirmation, or the occurrence of dismissal or conversion.

| CREDITOR | COLLATERAL | MONTHLY PAYMENT |
|---|---|---|
| NONE | | |

        C.     Attorney fees and costs: An agreed fee of $3,300.00 less amounts paid as reflected in the Rule 2016(b) Statement, leaving a balance due of $2,800.00 plus costs advanced in the amount of _0.00 which totals $2,800.00. Said sum to be paid at the rate of $500.00 per month.

    2. **CLASS TWO-CONTINUING CLAIMS:** Those secured claims on which the last payment is due beyond the length of the Plan (11 USC 1322 (b)(5). To the extent such claims are non-modifiable pursuant to 11 USC 1322 (b)(2) the Trustee shall adjust the monthly payment to such creditors upon

1

compliance by the creditor with LBD 13.04 (E.D.M.), and the Trustee may submit amended Payment Orders to the Court for entry without further notice, as needed for such compliance:

**Creditors/Collateral:**                 **Monthly Payments**
**National City Real Estate/2118 James St., Burton, MI**      **$608.80**

3. **CLASS THREE-EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES:** The following executory contracts and/or unexpired leases shall be treated as follows, pursuant to 11 USC 13220(b)(7) and subject to 11 USC 365:

| Creditor/ Collateral | Assume/Reject/ Assign? | If assumed, Amount of default | If assumed regular payment per month | If assumed time to cure & int. rate | If assumed mo. Payment on cure |
|---|---|---|---|---|---|
| NONE | | | | | |

(If amortization to cure conflicts, the time to cure shall be paramount and the Trustee shall make alternations to implement this statement.)

4. **CLASS FOUR - ARREARAGES ON CONTINUING CLAIMS: (11 USC 13220(b)(5)**

| Creditor/ Collateral | Arrears Amount | Interest Rate | Est. Mo. Payment | Time to Cure |
|---|---|---|---|---|
| National City/ 2118 James, Burton, MI | $7,100. (Estimated) | no interest or late charges shall be paid on Mortgage arrearage | $197.22 | 36 mos. |

(If amortization to cure conflicts, the time to cure shall be paramount and the Trustee shall make alternations to implement this statement.)

5. **CLASS FIVE - OTHER SECURED CLAIMS:** Secured claims other than Classes Two and Four on which the last payment will come due within this plan duration:

| Creditor/ Collateral | *Cramdown 11USC 1325 (a)(5) or modified 11 USC 1322 (b)(2) | Market Value | Interest Rate | monthly Payment | total to Pay & Interest | No. Of mos. from Conf. Date |
|---|---|---|---|---|---|---|
| **NONE** | | | | | | |

(If amortization to cure conflicts, the time to cure shall be paramount and the Trustee shall make alternations to implement this statement.)

(If column 2 above is not completed, presume the creditor shall be treated pursuant to its contract.)

6. **CLASS SIX A - Non-Assigned Domestic Support Obligations :** (11 USC 1322 (a)(2)).
**Creditor**                                      **Amount**

**NONE**

**CLASS SIX B-All Other Priority Unsecured Claims**  (11 USC 1322 (a)(2))
**Creditor**                                      **Amount**                     **Interest Rate**

**NONE**

7. **CLASS SEVEN-SPECIAL UNSECURED CLASS:** shall be paid in full and concurrently with Class Eight General Unsecured Claims.

| Creditor | Amount | Reason For Special Treatment |
|----------|--------|------------------------------|
| NONE     |        |                              |

    8. **CLASS EIGHT - GENERAL UNSECURED CLAIMS:** All general unsecured claims will be paid **8.39%** of such amounts. This class shall be paid ( X ) subsequent to <u>or</u> ( ) concurrent with all classes of secured claims except Classes Two and Three. This Plan shall provide either the percent stated or shall continue for the length stated, whichever will offer the greater dividend to general unsecured creditors in this class.

    9. **INTEREST ON UNSECURED CLASES OF CLAIMS:** The liquidation analysis in this case requires that the creditors in classes Six, Seven and Eight receive interest on their claims in the amount of 0 % per annum (<u>Cinco vs Hardy,</u> 755 F2d 75, CA6 1985).

    10. **OTHER PROVISIONS:** N/A

**GENERAL PROVISIONS**

    A. **THIS PLAN FOLLOWS THE TRUSTEE'S PLAN IN ALL RESPECTS, WITH THE EXCEPTION OF:**

    B. **VESTING, POSSESSION OF ESTATE PROPERTY AND LIEN RETENTION:** Upon confirmation of the Plan, all property of the estate shall vest in the debtor (11 U.S.C.§1327(b)). The debtor shall remain in possession of all property of the estate during the pendency of this case unless specifically provided herein (11 U.S.C. §1306(b)). All secured creditors shall retain the liens securing their claims unless otherwise stated.

    C. **SURRENDER OR ABANDONMENT OF COLLATERAL:** Upon confirmation the Automatic Stay is lifted as to any collateral treated as surrendered or abandoned.

    D. **PROHIBITION AGAINST INCURRING POST-PETITION DEBT:** While this case is pending, the debtor shall not incur a debt in excess of $1,000.00 without First obtaining approval from the Court.

    E. **UNSCHEDULED CREDITORS FILING CLAIMS:** If a creditor is not listed in the Chapter 13 Schedules, but files a proof of claim, the Trustee is authorized to classify the claim into one of existing classes under this Plan and to schedule the claim for payment within that class, unless the claim is disallowed or pursuant to further orders of the Court.

    F. **PROOFS OF CLAIMS FILED AT VARIANCE WITH THE PLAN:** In the event that a creditor files a proof of claim that is at variance with the provisions of this Plan, the following method is to be employed to resolve the conflict:

    1. Regarding claims for which the Plan does not propose a "cramdown" or modification, the proof or claim shall supersede the Plan as to the claim amount, percentage rate of interest, monthly payments, classification of the claim, percentage of interest on arrears, if any, but the proof of claim shall not govern as to the valuation of the collateral.

    2. As to claims for which the Plan proposes a "cramdown" or modification, the proof of claim governs only as the claim amount, but not with respect to any of the other aforementioned contractual terms.

    3. If a holder of a claim files a proof of claim at variance with this Plan or related schedules, the Trustee shall automatically treat that claim as the holder indicated, unless provided otherwise by order of the Court

    4. A proof of claim or interest shall be deemed filed under 11 U.S.C.§501 for any claim or interest that appears in Classes Two, Three, Four or Five of this Plan, except a claim or interest that is

disputed, contingent or non-liquidated and labeled as such in this Plan.

G. **TAX RETURNS AND TAX SET-OFFS:** All tax returns which have become due prior to the filing of this Plan have been filed except the following (see LBR 13.07 (E.D.M.)regarding non-filed returns):

H. **DEBTOR ENGAGED IN BUSINESS:** (   ) If the box to the immediate left is "checked", the debtor is self-employed and incurs trade credit in the production of income from such employment.

1.  11 USC 1304 (b) and (c ) regarding operation of the business and duties imposed upon the debtor are incorporated herein by reference.

2. The debtor shall comply with the provisions of LBR 3015-1(a)(8) and 2003-2(a)(b) (E.D.M.) unless the Court orders otherwise.

I. **ORDER OF PAYMENT OF CLAIMS:** Class One claims shall be paid in advance of others then Classes Two and Tree in advance of all remaining classes. The Classes Four and Five, then Class Six, the Classes Seven and Eight shall be paid as stated in each respective   section (LBR 3015-1(a)(5)E.D.M.)).

J. **WORKSHEET:** The worksheet on a form available from the clerk's office, is required by L.B.R. 3015-1(b)(2) (E.D.M.).  It is attached hereto and incorporated herein by reference.

K. **CONFLICT OF DEBT AMORTIZATION:** If the amortization figures conflict with respect to those stated in Class 2b, Class 3, Classes 4 and 5, the time to cure shall be paramount, and the Trustee shall make alterations to implement this statement.

L. **DEBTOR DUTY TO MAINTAIN INSURANCE:** Debtor shall maintain all insurance required by law and contract upon property of the estate and the debtor's property. After confirmation of this Plan, if the debtor fails to maintain full coverage collateral protection insurance as required above, any party in interest may submit an affidavit of default and in the event that the default is not cured within ten (10) days from the date of service of the affidavit upon the debtor, debtor's counsel and the trustee, said party may submit an Order granting Relief from the Automatic Stay as to the collateral to the Court along with a further affidavit attesting to the debtor's failure to cure.  Said Order shall be granted without motion or hearing.

M. **ENTRY OF ORDERS LIFTING STAY:** Upon entry of Order Lifting Stay, no distributions shall be made to the secured creditor until such time as an amended claim is filed by such creditor.

N. **LIQUIDATION ANALYSIS AND STATEMENT OF VALUE OF ENCUMBERED PROPERTY**

| TYPE OF PROPERTY | FAIR MARKET VALUE | LIENS | DEBTOR'S SHARE OF EQUITY | EXEMPT AMOUNT | NON-EXEMPT AMOUNT |
|---|---|---|---|---|---|
| **PERSONAL RESIDENCE** | 68,800. | 58,761. | 10,049 | 10,049 | |
| **VEHICLES** **1997 Ford Contour** | 600. | -0- -0- | 600. | 600. | |
| **HOUSEHOLD GOODS PERSONAL EFFECTS** | 600 | -0- | 600 | 600 | |

| | | | | |
|---|---|---|---|---|
| **JEWELRY** | **50.** | **-0-** | **50.** | **50.** |
| **CASH/BANK ACCOUNTS** | **110** | **-0-** | **110** | **110** |
| **OTHER-Delinquent Child Support** | **2408.** | **-0-** | **2408.** | **2408.** |

Amount available upon liquidation......... -0-
Less administrative expenses and costs... -0-

Dated: _July 6, 2009  /s/Tracy Lynn Carone_
Tracy Lynn Carone, Debtor
2118 James Street
Burton, MI 48529

_/s/Lynnmarie A. Johnson
Lynnmarie A. Johnson (P 54108)
Attorney for Debtor
10751 S. Saginaw Street, Suite F
Grand Blanc, MI 48439
(810) 695-0102

## WORKSHEET ANALYSIS

1. Length of Plan is 156Weeks, 36 Months, 3 Years
2. Debtor's payments prior to confirmation -$931.78 pr. Mo. X 2 mos.  $ 1,863.00
3. Debtor's payments after confirmation-$931.78 pr. Mo. X 36 mos.  $ 33,54400
4. Equal total to be paid into Plan  $ 35,407.00
5. Estimated Trustee's Fee  (3.8%)  $ 1,345.00
6. Attorney fees and costs  $ 2,800.00
7. Total Priority Claims -  $     -0-
8. Total installment mortgage or other long-term debt payments
    e. **pre-confirmation**-$608.80 pr. Mo.X 2 mo.  $ 1,217.00
    b. **post-confirmation:** $608.80 pr. Mo. X 36 mos.  $ 21,917.00
9. Total of arrearage  $ 7,100.00
10. Total secured claims, including interest  -0-
11. Future real estate taxes  $     -0-

**TOTAL OF ITEMS 5 THROUGH 11**  **$ 34,379.00**

12. Funds available to unsecured claims        $ 1,028..00

13. Total  unsecured claims (if all file)        $ 12,248.00

14. Estimated percentage to unsecured creditors under Plan        8.39 %

15. Estimated dividend to general unsecured creditors if Chapter 7        -0-

6

09-33635-dof   Doc 7   Filed 07/06/09   Entered 07/06/09 20:39:55   Page 6 of 6